# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS A. ROSINSKI JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> Defendant. ) | Case No. 14 CV 2804 <br><br> Judge Joan H. Lefkow |

## OPINION AND ORDER

Plaintiff Thomas Rosinski Jr. filed a complaint against the United States of America ("defendant") under 26 U.S.C. § 7422 seeking recovery of income taxes paid.[1] (Dkt. 1 ("Compl.").) Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. 13.) For the reasons stated below, the motion is granted.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). To determine whether any genuine fact issue exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P.

---

[1] This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1346. Venue is proper under 28 U.S.C. § 1402(a)(1).

56(c).  In doing so, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  Scott v. Harris, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).  The court may not weigh conflicting evidence or make credibility determinations.  Omnicare, Inc. v. UnitedHealth Grp., Inc., 629 F.3d 697, 704 (7th Cir. 2011).

The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  In response, the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial.  Id. at 324; Insolia v. Philip Morris Inc., 216 F.3d 596, 598 (7th Cir. 2000).  If a claim or defense is factually unsupported, it should be disposed of on summary judgment.  Celotex, 477 U.S. at 323–24.

## BACKGROUND[2]

When Rosinski filed his original tax returns for the tax years 2002, 2003 and 2004, he claimed itemized deductions for investment interest in the amounts of $209,139, $108,571 and $58,249, respectively.  (Dkt. 17 ("Pl.'s L.R. 56.1") ¶ 2.)  The IRS disallowed these deductions, resulting in an increase in the amount Rosinski owed in taxes as well as penalties.  (*Id.* ¶ 3.)  On May 8, 2005, Rosinski filed a petition with the United States Tax Court, seeking redetermination of the IRS's decision.  (Dkt. 13-1 ("Def.'s L.R. 56.1") ¶ 5.)  The tax court's decision, which was issued March 21, 2007, found that there were deficiencies in his income tax of $54,420, $33,991 and $19,222 for tax years 2002, 2003 and 2004 respectively.  (*Id.* ¶ 6.)  The tax court's decision

---

[2] Unless otherwise noted, the facts in the background section are taken from the parties' Local Rule 56.1 statements and are construed in the light most favorable to Rosinski.  The court will address many but not all of the factual allegations in the parties' submissions, as the court is "not bound to discuss in detail every single factual allegation put forth at the summary judgment stage."  *Omnicare, Inc.* v. *UnitedHealth Grp., Inc.,* 629 F.3d 697, 704 (7th Cir. 2011) (citation omitted).

was based on a stipulated agreement between Rosinski and the IRS. (Pl.'s L.R. 56.1 ¶ 6.) Pursuant to the stipulated agreement, Rosinski paid the income tax due for the tax years 2002–2004 plus resulting interest. (*Id.*)

In October 2007, Rosinski retained a new attorney to assist him with tax filings for his corporation, R-K Press Brake Dies, Inc. ("R-K"), as well as his individual tax returns. (*Id.* ¶ 6.) According to his new attorney, Rosinski had overpaid his taxes for the year 2004 as a result of underestimating the loan interest deduction available to R-K and failing to claim an allowed amortization deduction. (*Id.* ¶ 7.) This resulted in a substantial reduction in R-K's Schedule K-1 Ordinary Business Income, resulting in a corresponding reduction in Rosinki's personal income. In March 2008, Rosinski filed an amended return (Form 1040X) seeking a $57,731 refund for the tax year 2004. (Def.'s L.R. 56.1 ¶ 7.) The changes included an increase in interest expense of $38,239 and an amortized deduction of $208,504. (Pl.'s L.R. 56.1 ¶ 14.)

Following his filing of the amended return, Rosinski received notice of an audit to review both R-K's and Rosinski's personal tax filings for the years 2004–2007, including the 2004 1040X amended return. (*Id.* ¶ 17.) On June 4, 2009, Rosinski received a determination that he had overpaid his 2004 taxes by $13,468 and should receive a penalty reduction of $2,693.60 resulting in a total refund due of $16,161. (*Id.* ¶ 18.) The IRS also concluded that Rosinski owed $160,059.80, $84,503.31 and $108,511.99 for the years 2005, 2006 and 2007, respectively. (*Id.*) The IRS rejected the amortization deduction for all the tax years. (Id. ¶21). On August 29, 2009, Rosinski appealed this determination. (*Id.* ¶ 20.) Ultimately, he prevailed in the tax court and the amortization deduction was allowed for the years 2005, 2006 and 2007. (*Id.* ¶ 36.)

On July 12, 2012, the Commissioner of Internal Revenue sent Rosinski a Form 3363 which reiterated that $13,468 of his 2004 claimed refund would be allowed and $44,263

3

disallowed. (Def.'s L.R. 56.1 ¶ 8.) On April 18, 2014, Rosinski filed his complaint in this court seeking an income tax refund of $44,263 for the year 2004. (Dkt. 1.)

**ANALYSIS**

The United States moves for summary judgment pursuant to Rule 56 on the grounds that Rosinski's action is barred by the doctrine of *res judicata*. The U.S. argues that because Rosinski previously litigated to a final decision his tax liability for 2004, the case is barred. Final judgment on the merits precludes parties from relitigating issues that either were or could have been raised in the prior action. *Allen* v. *McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The purposes of *res judicata* are to minimize "the expense and vexation" of multiple lawsuits, conserve judicial resources and create certainty by minimizing inconsistencies in court decisions. *Montana* v. *United States*, 440 U.S. 147, 153–54, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979). There are three requirements for *res judicata*: 1) identity of parties (or their privies), 2) identity of the causes of action, and 3) a final judgment on the merits. *Prochotsky* v. *Baker & McKenzie,* 966 F.2d 333, 334 (7th Cir. 1992). All three of the requirements are met in this case.

    **I.    Identity of the parties**

It is undisputed that there is identity of parties in the two cases at issue. The prior case was brought by Rosinski, the plaintiff here, against the IRS, an agency of the defendant in this case, the United States.

    **II.    Identity of the Cause of Action**

Generally, the "same transaction" test is used to determine whether there is identity of the claims. *Anderson* v. *Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). Under the same transaction test, "two claims are one for purposes of res judicata if they are based on the same, or

nearly the same, factual allegations." *Id.* Both Rosinski's tax court case and the present case involve Rosinski's income tax liability for the year 2004. Each tax year is a separate claim for purposes of *res judicata*. *See Commissioner* v. *Sunnen*, 333 U.S. 591, 598, 68 S. Ct. 715, 92 L. Ed. 898 (1948) ("Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year."); *see also Erickson* v. *United States*, 309 F.2d 760, 767-768 (Ct. Cl. 1962) ("[T]he Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year.")[3] Because the tax court suit adjudicated the Rosinksi's appeal from the IRS's 2004 tax year determination, there is identity of the cause of action in this case and that in the prior case.

Rosinski argues that he overpaid his 2004 tax liability, largely due to the omission of an amortization deduction in his original filings, an issue that was not decided in his tax court case. True, Rosinski did not raise that issue in tax court but he could have. He chose to amend his tax return after consulting with a new attorney, which he could have done prior to filing his tax court case. Once final judgment has been reached, *res judicata* applies to bar not only matters that were raised in the earlier action but also "any other admissible matter which might have been offered" in support of the same cause of action. *Sunnen*, 333 U.S. at 597 (citations omitted); *see also Doe* v. *Allied-Signal, Inc.,* 985 F.2d 908, 913 (7th Cir. 1993) (*res judicata* prohibits "a party from relitigating issues that could have been raised in an earlier action").

---

[3] Rosinski denies that he appealed the IRS's determination of his tax liability for 2004 but insists he appealed only the investment interest determination. This is not consistent with the record. His Petition to the tax court recites, "Petitioner(s) disagree(s) with the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2002, 2003, 2004 as set for in such notice dated Apr 30 2006." (Dkt 13, Exh. 1.) His Rule 56.1 Statement of Additional Facts admits that he stipulated with the IRS that *he owed additional tax for 2004* in the amount of $19,222 plus interest. (Dkt. 17 ¶ 5).

### III. Final Judgment

It is undisputed that there was a final judgment in the prior case. The United States Tax Court entered a decision on March 21, 2007, based on an agreement between the parties, resolving Rosinski's tax deficiencies for the years 2002–2004. A judgment based on parties' agreement is a judgment on the merits for purposes of *res judicata*. *Graebel/Los Angeles Movers, Inc.* v. *Johnson*, 2006 WL 533360 (N.D.Ill. 2006); *see also In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996).

The United States has met its burden for summary judgment by showing that there are no genuine issues of material facts. Because the two parties litigated to final judgment in the tax court Rosinski's claim for the tax year 2004, Rosinski's claims are barred by *res judicata.*

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (dkt. 13) is granted. The case is terminated.

Date: April 28, 2015

_____
U.S. District Judge Joan H. Lefkow